# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2025

Lyle W. Cayce
Clerk

_____

No. 24-20386

_____

IN THE MATTER OF NATIONAL CINEMEDIA, L.L.C.

*Debtor*,

CINEMARK MEDIA INCORPORATED; CINEMARK USA, INCORPORATED,

*Appellants*,

*versus*

NATIONAL CINEMEDIA, L.L.C.,

*Appellee*,

_____

IN THE MATTER OF NATIONAL CINEMEDIA, L.L.C.

*Debtor*,

CINEMARK USA, INCORPORATED,

*Appellant*,

*versus*

NATIONAL CINEMEDIA, L.L.C.,

*Appellee.*

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:23-CV-2414, 4:23-CV-2485

———————————————————

Before JONES, SOUTHWICK, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

This court has carefully considered this appeal in light of the briefs, oral argument, and pertinent portions of the record. Having done so, we substantially adopt the analysis of the district court's opinion, which affirmed the bankruptcy court's rulings.[1] Accordingly, the Most Favored Nations ("MFN") clause in Cinemark's Exhibitor Services Agreements ("ESA") with the debtor National CineMedia LLC ("NCM") was not triggered by Regal's entry into a Network Affiliate Transaction Agreement ("NATA") with NCM.

The MFN clause in Cinemark's ESA provided it the right to match the terms of an "agreement, amendment or extension" between Regal and NCM "which amends any term" of Regal's ESA. Regal, while itself a debtor in bankruptcy, terminated its ESA with NCM through a Termination Settlement Agreement ("TSA"). Regal then entered into the NATA with NCM. The TSA did not amend any term of Regal's ESA because it

———————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] This court reviews the NCM bankruptcy court's "Settlement Order" under Bankruptcy Rule 9019 for abuse of discretion. *In re Moore*, 608 F.3d 253, 257 (5th Cir. 2010). No abuse occurs unless the court made an error of law or clear error of fact. *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008).

terminated the ESA, whereas "amend" contemplates modification of an ESA's term that nevertheless preserves the agreement's existence. The NATA did not amend any term of Regal's ESA because the TSA had terminated Regal's ESA, and the ESA must exist for the NATA to amend any of its terms. The MFN clause in Cinemark's ESA was not triggered.[2]

The judgments of the bankruptcy and district courts are AFFIRMED.

---

[2] NCM and AMC, the other party to the appeal, agreed to dismiss the appeal as to AMC by a joint motion for dismissal.